IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00406-REB-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOES 1-27,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on June 4, 2012.**

    Defendant John Doe #10's Motion to Quash Subpoena [filed April 3, 2012; docket #15] is **denied without prejudice** for failure to comply with Fed. R. Civ. P. 11(a), which states in pertinent part,

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented. The paper must state the signer's address, email address, and telephone number.

From the content of the present motion, the Court infers that Defendant John Doe #10 seeks to proceed in this litigation anonymously. However, he has failed to properly seek permission from the Court to do so.[1] *See K-Beech, Inc. v. Does 1-29*, 826 F. Supp. 2d 903, 905 (W.D.N.C. 2011) (noting that a party who wishes to proceed anonymously may overcome the presumption against anonymous proceedings by filing a well-reasoned motion to proceed anonymously); *see also West Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 12 (D.D.C. 2011) ("federal courts generally allow parties to proceed anonymously only under certain special circumstances when anonymity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment"). Therefore, if Defendant John Doe #10 wishes to re-file his motion in accordance with this order and all applicable local and federal court rules, he may do so **on or before June 25, 2012** and must first (or contemporaneously) file a motion to proceed anonymously and provide to the Court his name,

---

[1] Although Defendant requests permission to file the motion "without revealing [his] personally identifying information," such unsupported request fails to comply with D.C. Colo. LCivR 7.1C ("a motion ... shall be supported by a recitation of legal authority incorporated into the motion") and the law cited herein.

address, telephone number and email address in accordance with Rule 11(a).[2] If Defendant wishes to keep his identifying information confidential, he may file the motion (and any other motion or document containing such information filed in this case) with a request to file under restriction pursuant to the procedure set forth in D.C. Colo. LCivR 7.2. The Court may strike any motion or other filing that deviates from the requirements of this order or from those set forth in the applicable local or federal rules.

---

[2]In addition to compliance with Rule 11, the Court also notes the necessity of having such information for the proper and efficient management of its docket.